Joyce R. JACK, Plaintiff-Appellant,

v.

AMERICAN LINEN SUPPLY COMPANY, Defendant-Appellee.

No. 73-2840
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 29, 1974.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Thomas J. Long, Gulfport, Miss., for plaintiff-appellant.

Frederick A. Kullman, Michael S. Fawer, New Orleans, La., W. Rayford Jones, Gulfport, Miss., for defendant-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant Joyce R. Jack sued the American Linen Supply Co., both as an individual and as a class representative, alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. The district court ruled that the plaintiff had failed to show qualification of the suit as a class action under F.R.Civ. P. 23 and ordered the suit to proceed solely as an individual action. After a hearing the court entered an opinion holding against Jack in every respect and rendered judgment for American Linen. We affirm the judgment regarding the individual claim but vacate and remand with regard to the class action.

At the time she was fired Mrs. Jack was working in American Linen's flat ironing department as part of a four woman crew operating flatiron number two. On February 4, 1971, Thomas Reed, the company's production manager, instructed the four women, as he had in the past, to follow the ironing procedures previously established by experts hired by American Linen. Mrs. Jack argued with Mr. Reed, contending that her method of doing the work was better than the company's method. After a heated discussion in which, by her own admission, Mrs. Jack used some obscene language, Mr. Reed told Mrs. Jack she could either do the work as she was instructed to do it or punch the clock. Electing the latter alternative, she departed the premises.

After investigating the incident and the overall question of racial discrimination at the American Linen plant, the Equal Employment Opportunity Commission determined that there was reasonable cause to believe that American Linen maintains racially segregated job categories but no reasonable cause to believe that Mrs. Jack was discharged because of her race nor to believe that American Linen harasses blacks because of their race. The district court essentially agreed, finding

that Mrs. Jack's discharge was not for racial reasons and that the alleged racial discrimination in job classification was irrelevant to Mrs. Jack's individual claims because she had never applied for a "white" job in either the office or the transportation department. There is ample evidence, in the form of testimony from Mr. Reed and from Mrs. Jack herself, to support the finding that Mrs. Jack's dismissal was not due to her race but rather because of her repeated refusals to do her work as instructed and her insubordinate, aggressive conduct on the day of her dismissal. The finding is not clearly erroneous, and we therefore affirm the dismissal of Mrs. Jack's individual claim.

Mrs. Jack attempted to represent the class of present and potential future black employees of American Linen who have been and will continue to be affected by the alleged discriminatory practices. In response to the district court's request, Mrs. Jack submitted affidavits in support of class action maintainability, but those affidavits have not been included in the record. The court ruled that the affidavits did not support the maintenance of a class action without explaining which of the requirements of a class action under F.R.Civ.P. 23 were unmet.

■■ The only hint of the reasoning behind the dismissal of the class action is the court's statement in its opinion dismissing the individual action that "[t]here are no numerous members of any alleged class which could possibly be represented by this plaintiff in this case." This might indicate either that the district court felt that the alleged class is not so numerous that joinder of all members is impracticable, as re-quired by Rule 23(a)(1), or that the court felt that Mrs. Jack was not a proper representative of the class as required by Rule 23(a)(4). However, if the figures in the report of the Equal Employment Opportunity Commission are accurate, there are fifty-one blacks presently employed by American Linen. The alleged class also includes unnamed, unknown future black employees who will be affected by American Linen's discriminatory policies, and joinder of unknown individuals is certainly impracticable. Thus the requirements of Rule 23(a)(1) would appear to be met here. 7 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1762. Also, as a former black employee, Mrs. Jack would appear to be a member of the alleged class and a proper representative to press a Title VII racial discrimination claim, despite the fact that her own individual claim is not a winning one. Huff v. N. D. Cass Co., 5 Cir. 1973, 485 F.2d 710 (en banc). Thus neither of the hinted reasons for the district court's dismissal of the class action appear to be adequate.

We suffer from a lack of information here. The factual basis for the class action is not clear, since plaintiff's affidavits are not in the record. The reasons for the district court's dismissal of the class action are not made explicit, and the hinted reasons are not sufficient to support an affirmance of his action. In our view the only just disposition is to vacate the dismissal of the class action and remand to the district court for reconsideration, as we did in Huff v. N. D. Cass, *supra.*

Affirmed in part, vacated and remanded in part.