Nolvert P. SCOTT, Jr., Individually and
on behalf of all others similar-
ly situated, Plaintiff,

v.

The UNIVERSITY OF DELAWARE
et al., Defendants.

Civ. A. No. 74-58.

United States District Court,
D. Delaware.

Sept. 11, 1975.

Sheldon N. Sandler, and Thomas S.
Neuberger, of Bader, Dorsey & Kresh-
tool, Wilmington, Del., for plaintiff.

John P. Sinclair, of Potter, Anderson
& Corroon, Wilmington, Del., for de-
fendants.

MEMORANDUM OPINION

STAPLETON, District Judge:

Plaintiff, on behalf of himself and
others similarly situated, brings this
civil rights [1] action to redress the al-
legedly discriminatory employment prac-
tices at the University of Delaware.
Plaintiff is a black sociology professor
whose three-year teaching contract with
the defendant University was not re-
newed, and he seeks injunctive relief
from the University's allegedly discrim-

---

1. Plaintiff's claim is based on Title VII of
the Civil Rights Act of 1964 (42 U.S.C. §
2000e et seq.), 42 U.S.C. §§ 1981 and 1983
and on the Thirteenth and Fourteenth Amend-
ments.

inatory practices in hiring, firing, recruitment, promotion, supervision, wages, terms, conditions, and privileges of faculty employment. He also seeks reinstatement, promotion, and compensatory and punitive damages.[2]

The complaint alleges that the University has a history of discrimination against blacks; that it was ordered desegregated in 1950; that it hired its first black faculty member in 1965; and that today it has only one black tenured faculty member. The complaint also relates a series of incidents wherein the plaintiff was allegedly the victim of racial discrimination, e. g., his assignment on short notice of unfamiliar subjects as his teaching load; discriminatory denial of department clerical staff assistance for outside activities, and the termination of his employment. Further, plaintiff alleges that the discrimination to which he has been subjected is typical of the discrimination suffered by the class he seeks to represent.

Presently before the Court are two motions: (1) a motion by the plaintiff for certification of this action as a class action and (2) a motion by defendants to strike from the action its class aspects. Since consideration of plaintiff's motion requires consideration of the issues raised by defendants' motion, the two motions are considered simultaneously.

Rule 23(c), Fed.R.Civ.P. requires that "As soon as practicable after the commencement of an action brought as a class action, the Court shall determine by order whether it is to be so maintained." For it to qualify as a class action, the Court must find that the action is being brought by a class member and that it meets the four enumerated prerequisites of Rule 23(a).[3] It must also find that the action is properly maintainable under one of the three subdivisions of Rule 23(b). Since the plaintiff is only contending that the action is proper under the 23(b)(2) subdivision,[4] the other subdivisions of 23(b) need not be addressed.

Defendants initially challenge whether plaintiff is a member of the described class as required by Rule 23(a). Defendants assert that plaintiff was discriminated against neither in recruitment nor in hiring, and that, accordingly, he may not represent a class composed of those who were.

In Title VII cases, the courts have consistently held that one who has been a victim of a discriminatory employment practice at a particular institution may bring a class action on behalf of others who have allegedly been victims of the same or other types of discriminatory employment practices at that institution. In *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1124 (5th Cir. 1969), where a discharged black employee sought to bring a Title VII class action on behalf of those blacks harmed by alleged discrimination in hiring, firing, promotion, and maintenance of facilities, the Fifth Circuit reversed a lower court holding that had narrowed that

---

2. A more complete statement of facts is found at 385 F.Supp. 937 (D.Del.1974).

3. Rule 23(a), Fed.R.Civ.P. is as follows:
  (a) *Prerequisites to a class action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

4. Rule 23(b)(2), Fed.R.Civ.P. is as follows:
  (b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

  *   *   *   *   *

  (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or . . .

class to only those blacks who had been fired. Similarly, in *Barnett v. W. T. Grant Co.*, 518 F.2d 543 (4th Cir., 1975), the court found reversible error in the narrowing of a Title VII class action to only those specific actions taken by the defendant against the representative plaintiff. The assumption behind these cases is that one who has suffered discrimination in the course of his employment is "a person aggrieved, . . . [who] . . . can represent other victims of the same policies, whether or not all have experienced discrimination in the same way." *Long v. Sapp*, 502 F.2d 34, 43 (5th Cir. 1974).[5] Accordingly, the Court finds in the instant action that the plaintiff, allegedly a victim of racially discriminatory working conditions and contract termination, is a proper party to bring a class action on behalf of a class which includes blacks who allegedly have been or will be discriminated against in recruitment and hiring.[6]

■ The numerosity, commonality, and typicality requirements of (a)(1), (a)(2), and (a)(3) respectively, are usually not barriers to Title VII class actions since the discrimination which the suit seeks to end is per se based on class characteristics. *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711 (7th Cir. 1969). Defendants, however, raise two issues relating to the (a)(1), (a)(2), and (a)(3) prerequisites. First, defendants contend that plaintiff is the only black faculty member who has ever been terminated by the University. Accordingly, defendants argue that plaintiff is the sole member of the class of blacks who

could allege discrimination with respect to termination and that the numerosity requirement has, accordingly, not been met. Plaintiff, however, is seeking to represent all blacks who have been, or in the future will be, discriminated against with respect to a number of employment practices. Inasmuch as his complaint alleges that discriminatory employment practices are continuing, the class plaintiff represents properly includes those who may in the future face the alleged discrimination. *Kohn v. Royall, Koegel & Wells*, 59 F.R.D. 515 (S.D.N.Y.1973), *appeal dismissed*, 496 F.2d 1094 (2nd Cir. 1974). This class is incapable of specific enumeration and it has been held in similar circumstances that, for this reason alone, joinder is "impractical" within the meaning of Rule 23(a)(1). *Jack v. American Linen Supply Co.*, 498 F.2d 122, 124 (5th Cir. 1974) (per curiam). This case need not turn on that ground alone, however. If we assume the existence of continuing racial discrimination by the University in recruitment and hiring, as I believe we must for present purposes, the class is not limited to black faculty members who are or have been actually employed by the University, and it appears more likely than not that the entire group of past, present and future victims of the alleged discriminatory employment practices, while not precisely determinable, would be of sufficient size to make "joinder of all members impracticable". Under these circumstances, I consider the appropriate course to certify the case as a class action; if facts subsequently developed

---

5. The cases relied upon by the University are distinguishable. *E. g., Black Coalition v. Portland School District No. 1*, 484 F.2d 1040 (9th Cir. 1973) (students who wish to challenge a number of school disciplinary regulations on procedural due process and vagueness grounds have standing to attack only those regulations pursuant to which they themselves have been disciplined and cannot represent a class composed of persons who have been disciplined under other regulations); and *Palmer v. Thompson*, 391 F.2d

324 (5th Cir. 1967) (unincarcerated blacks who have not been subjected to discriminatory practices at allegedly segregated jail cannot bring class action attacking such practices on behalf of inmates).

6. Closely related to this question of whether a particular plaintiff is a member of the class he purports to represent is the question of whether the plaintiff is in a position to provide proper representation. See note 7, *infra*, and accompanying text.

cast doubt on whether the numerosity requirement is met, the matter may be reexamined.

 Next, defendants contend that plaintiff cannot bring a class action on behalf of blacks who allegedly suffered discrimination by reason of terms and conditions of employment, because his situation is an individual matter which is not representative of black employees in general, and which, therefore, must be decided on its own merits. In essence, defendants' position is that defendants do not practice racial discrimination and, therefore, a class action challenging such discrimination is not proper. These contentions by defendants must be rejected. Class action determinations may not be based on a preliminary evaluation on the merits. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Plaintiff has alleged certain past racial discrimination by defendants and certain recent incidents which are alleged to have resulted from an attitude of racial bias on the part of the University's administration. If defendants' conduct is now in full compliance with the applicable laws, a finding to that effect must await a later stage of this proceeding. Accordingly, the Court finds that the requirements of (a)(1), (a)(2), and (a)(3) have been met.

Regarding requirement (a)(4), the Court at present has no reason to believe that plaintiff will not fairly and adequately protect the interests of the class. Plaintiff's conduct of this litigation to date has fully comported with this standard, and the Court, therefore, finds that, for the present, this requirement has been met.[7]

The requirements of (b)(2) are particularly suited to civil rights cases. See *Advisory Committee Note to Proposed Amendment to Rule 23*, 39 F.R.D. 69, 102 (1966). The relief here sought is proper under (b)(2); [8] and, for the reasons expressed *supra* with respect to (a)(1), (a)(2), and (a)(3), this Court finds that this class action is maintainable under (b)(2).

For the foregoing reasons, this Court holds that plaintiff is entitled to have this action certified as a class action.

Submit order.

---

7. In (b)(2) actions wherein absent and unnotified class members may be bound and wherein a plaintiff is complaining of racially motivated actions that do not affect him directly, a court must remain vigilant to see that such absent members are properly represented. See *Barnett v. W. T. Grant Co., su-*

*pra.* 518 F.2d at 547, n. 4. The present class action certification can be reviewed hereafter in light of development in the case. Rule 23(c)(1).

8. See *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 251 (3rd Cir. 1975).