**William W. WALKER, Plaintiff,**

v.

**ROBBINS HOSE FIRE COMPANY NO. 1, INC., et al., Defendants.**

**Civ. A. No. 74–172.**

United States District Court,
D. Delaware.

Sept. 23, 1977.

John S. Grady of Bader, Dorsey & Kreshtool, Dover, Del., for plaintiff.

Nicholas H. Rodriguez and William D. Fletcher, Jr. of Schmittinger & Rodriguez, Dover, Del., for defendants.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

On November 24, 1975, the Court entered an order conditionally authorizing William W. Walker (the "plaintiff") to maintain this action as a class action under the provisions of Rule 23(b)(2), F.R.Civ.P.[1] Defendant Robbins Hose Fire Company No. 1, Inc. (the "Company") recently filed a motion to decertify the class action aspects of the case on the ground that the plaintiff has failed to meet the numerosity requirement of Rule 23(a)(1).[2] On August 22, 1977, the Court heard oral arguments of opposing counsel on the motion to decertify.

The plaintiff applied for membership in the defendant volunteer fire company in early 1974 and was rejected.[3] Subsequently, he instituted this action against the Company on behalf of himself and all persons similarly situated, alleging that the application and membership process of the defendant systematically has excluded blacks. In the complaint the plaintiff requests compensatory and punitive damages for himself and declaratory and injunctive

relief for himself and the class he seeks to represent.[4] The plaintiff later sought certification of this action as a class action. While he could not specifically identify any other victims of the alleged discrimination, the plaintiff relied on statistical evidence to support his contention that the Company had engaged in a continuing practice of discrimination. He pointed to the fact that, prior to 1974, no black had ever been a member of the defendant fire company even though approximately 7,000 black persons resided in the Dover, Delaware area. The Company argued that the plaintiff failed to meet the numerosity requirement of Rule 23(a)(1). Accepting the characterization of this suit as one involving a continuing practice of discrimination, the Court conditionally authorized plaintiff to proceed on behalf of

> "all black persons of eligible age residing in the Dover, Delaware area who in the past have applied or may apply in the future to become volunteer firefighters and members of Robbins Hose Company No. 1, Inc. and who were or may be denied membership because of their race."[5]

Based on information obtained through additional discovery, the Company now reasserts its position that the above-described class does not satisfy Rule 23(a)(1). Specifically, the defendant refers to the fact that between 1970 and 1975, inclusive, only four blacks applied for membership. All four applied in 1974 and all but the plaintiff were accepted by the Company.[6] Wilbert Cooper, the plaintiff's affiant and a past president of the local NAACP Chapter, asked for and obtained an application form

---

1. Docket Item 39.

2. Docket Item 65. Rule 23 provides in part:
   "(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable . . . ."

3. The factual background of this litigation is set forth in detail in an unpublished opinion entered on December 28, 1976. Docket Item 59.

4. Docket Item 1. The plaintiff bases his claims on 42 U.S.C. §§ 1981, 1983, and 1985, and the Thirteenth and Fourteenth Amendments to the Constitution. *Id.,* pars. 11 and 12.

5. Docket Item 39, as amended by Docket Item 41 (December 16, 1975).

6. Docket Item 47, Defendants' Answers to Interrogatories, question 38.

in 1973, but he never submitted it.[7] As of March 1977, neither the plaintiff nor Cooper were able to identify any other blacks who either had been denied the opportunity to apply for membership or had been rejected by the Company after having applied.[8] Moreover, the plaintiff was unable to name any black who wished to volunteer to become a firefighter but had not applied because he believed the Company excluded blacks.[9]

In order to determine whether the members of the class conditionally certified in this case are so numerous that their joinder would be impracticable, it is useful to divide the plaintiff class into two subclasses. They are: (1) those blacks who applied for membership in the defendant fire company and were excluded based on race, and (2) those who may apply in the future and be discriminated against.

As to the first subgroup, the plaintiff has failed to identify any other past victim of the allegedly discriminatory application and membership process.[10] Indeed, the record shows that for the period from 1970 through 1975 the plaintiff is the only person who meets the criteria for membership in that class. The plaintiff argues, however, that the situation now is no different than it was when the Court certified this action as a class action. Therefore, he contends that decertification is unwarranted and that the Company is "merely attempting to relitigate the [numerosity] question."

■ Contrary to plaintiff's suggestion, conditional certification of a class does not impose on the opposing party the burden of showing a significant change in factual circumstances as a prerequisite to obtaining decertification. Rule 23(c)(1) provides that a certification order may "be conditional, and may be altered or amended before the decision on the merits." In this case, the

Court certified the class conditionally at a time when the paucity of information made it difficult to determine whether the class was so numerous as to make joinder impossible. Conditional certification pending further amplification by the plaintiff is an accepted judicial procedure, especially in cases involving an allegedly continuing practice of racial discrimination. *See, e. g., Scott v. University of Delaware,* 68 F.R.D. 606, 608–09 (D.Del.1975); *McAdory v. Scientific Research Instruments, Inc.,* 355 F.Supp. 468, 472 n. 2, 473 (D.Md.1973); *Tolbert v. Western Electric Co.,* 56 F.R.D. 108, 113–14 (N.D.Ga.1972).

■ While the additional information referred to by the defendant here is not overwhelming, the failure of the plaintiff to produce any further evidence tending to show compliance with the numerosity requirement, despite the passage of two and one-half years, is noteworthy. This, together with the subsequently disclosed fact that all three of the other black persons known to have applied to the Company were accepted as members, leads the Court to conclude that the number of past applicants who were discriminated against based on their race falls far short of the number needed to qualify for class treatment. *See Doctor v. Seaboard Coast Line R. Co.,* 540 F.2d 699, 709 (C.A. 4, 1976); *Dennis v. Norwich Pharmacal Co.,* 17 F.R.Serv.2d 126, 128 (D.S.C.1973); *Tolbert v. Western Electric Co., supra* at 114–15.

Consequently, whether Rule 23(a)(1) is satisfied in this case effectively turns on whether the class of future applicants who may be discriminated against is "so numerous that joinder of all members is impracticable." In deciding this issue, the Court recognizes that employment discrimination actions are particularly fit for treatment as class actions under Rule 23(b)(2). *Wetzel v.*

---

7. Docket Item 78, Cooper Dep., p. 14.

8. Docket Item 64, Plaintiff's Answers to Interrogatories, questions 1, 2, and 3; Docket Item 78, Cooper Dep., p. 25.

9. Docket Item 64, Plaintiff's Answers to Interrogatories, question 8.

10. The class, as conditionally certified, does not include those persons who would have applied in the past but for the allegedly discriminatory policies of the Company.

*Liberty Mutual Insurance Co.,* 508 F.2d 239, 250 (C.A. 3), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Scott v. University of Delaware, supra* at 609; *see Advisory Committee Note to Proposed Amendment to Rule 23,* 39 F.R.D. 69, 102 (1966). The requirements of Rule 23(a), however, still must be satisfied before such suits may be maintained as class actions. *See Mason v. Calgon Corp.,* 63 F.R.D. 98, 103–04 (W.D.Pa.1974). The Supreme Court emphasized this point recently in *East Texas Motor Freight System Inc. v. Rodriguez,* 431 U.S. 395, 405, 97 S.Ct. 1891, 1898, 52 L.Ed.2d 453 (1977), stating:

> "We are not unaware that suits alleging racial or ethnic discrimination are often by their very nature class suits, involving classwide wrongs. . . . *But careful attention to the requirements of Fed.Rule Civ.Proc. 23 remains nonetheless indispensable.*" (Emphasis supplied.)

The plaintiff contends that any suit charging racial discrimination can be maintained as a class action provided the plaintiff alleges "a continuing pattern and practice of discrimination." He relies on *Scott v. University of Delaware, supra,* for the proposition that joinder of all members of a class which includes those who may be discriminated against in the future necessarily is impracticable within the meaning of Rule 23(a)(1), "because specific enumeration of the class is impossible." The Court does not read the *Scott* opinions [11] so broadly; moreover, the Court finds this case distinguishable from *Scott.* In view of the procedural similarities between the two cases, however, the opinions in *Scott v. University of Delaware* are discussed below.

Scott, a black sociology professor formerly employed by the University of Delaware, sued the University under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*).[12] Because Scott, like the plaintiff in this case, sought to represent victims of both past and future discrimination, the court held that the fact that the plaintiff was the only black faculty member terminated by the University did not preclude certification.[13] The court reasoned as follows:

> "Inasmuch as his complaint alleges that discriminatory employment practices are continuing, the class plaintiff represents properly includes those who may in the future face the alleged discrimination. . . . This class is incapable of specific enumeration and it has been held in similar circumstances that, for this reason alone, joinder is 'impractical' within the meaning of Rule 23(a)(1). *Jack v. American Linen Supply Co.,* 498 F.2d 122, 124 (5th Cir. 1974) (per curiam). This case need not turn on that ground alone, however. . . . [I]t appears more likely than not that the entire group of past, present and future victims of the alleged discriminatory employment practices, while not precisely determinable, would be of sufficient size to make 'joinder of all members impracticable'. Under these circumstances, I consider the appropriate course to certify the case as a class action; if facts subsequently developed cast doubt on whether the numerosity requirement is met, the matter may be reexamined." 68 F.R.D. at 608–09.

A year later, the court denied a motion by the defendant to decertify the action as a class action. Relying on its previous decision, the court held that

> "joinder of all members is impractical within the meaning of Rule 23(a)(1) both because enumeration of members of the class is impossible and because even if specific enumeration were possible, the

---

11. The plaintiff also cites a second opinion in the *Scott* case in which the court denied a motion to decertify the class. Civ. Action No. 74–58, Docket Item 131 (D.Del., *filed* Sept. 14, 1976) (unpublished opinion).

12. Scott also based his claims on the statutes and constitutional amendments invoked by the plaintiff in this case. See note 4 *supra.*

13. The court also noted that Scott sought to represent persons discriminated against with respect to a number of employment practices in addition to termination. *Scott v. University of Delaware,* 68 F.R.D. 606, 608 (D.Del.1975)

number of past, present and future victims of the discrimination would be of sufficient size to make that joinder impracticable." *Scott v. University of Delaware,* Civ. Action No. 74–58 (D.Del., *filed* September 14, 1976) (unpublished opinion).

■ The above-quoted passages clearly indicate that to the extent the *Scott* case suggests that the requirement of Rule 23(a)(1) is automatically satisfied whenever the class includes future victims of discrimination who cannot be specifically enumerated, that suggestion is merely dicta. This Court is unconvinced of the wisdom of such a *per se* rule, and it joins with several other courts in refusing to apply it. *See Ewh v. Monarch Wine Co.,* 73 F.R.D. 131, 133 (E.D. N.Y.1977); *Piva v. Xerox Corp.,* 70 F.R.D. 378, 388 (N.D.Cal.1976).[14] Instead, the Court will follow the approach principally relied upon in the *Scott* case and determine whether the plaintiff has shown that the class of future victims of the alleged discrimination, "while not precisely determinable, would be of sufficient size to make 'joinder of all members impracticable'." Each case must be decided according to its own particular circumstances, and the impossibility of specific enumeration is only one factor to be considered in assessing whether the requisite numerosity exists. *See Doe v. Charleston Area Medical Center, Inc.,* 529 F.2d 638, 645 (C.A. 4, 1975); *Jones v. Diamond,* 519 F.2d 1090, 1100 (C.A. 5, 1975); *Arkansas Education Association v. Board of Education,* 446 F.2d 763, 765–66 (C.A. 8, 1971); *Cypress v. Newport News*

*General & Non-Sectarian Hospital Association,* 375 F.2d 648, 652–53 (C.A. 4, 1967).

■ The plaintiff has not shown that the class of black persons who may apply in the future for membership in the defendant company and be rejected on the basis of race is sufficiently numerous to satisfy Rule 23(a)(1). He has failed to identify even one other black interested in volunteering to join the Company, let alone another member of the purported class. Moreover, discovery taken since the conditional certification of the class reveals that the total annual number of volunteers is extremely small and that not all black applicants have been denied membership.[15] The only evidence that the plaintiff has offered to establish numerosity is: (1) that approximately 7,000 blacks reside in the Dover, Delaware area; (2) between 1961 and 1974 there were no black members of the Company; and (3) no black persons currently are members of the Company.

■ In *Moreno v. University of Maryland,* 420 F.Supp. 541 (D.Md.1976), the court in applying Rule 23(a)(1) to a class which included future victims of discrimination observed:

"[A] plaintiff need not establish a class size with precision; it is sufficient if he presents some information from which the number of class members can be approximated." 420 F.Supp. at 564 (citation omitted).

Although statistical evidence is generally relevant to estimating class size, there must be a logical nexus between that evidence

14. There exists a wide diversity of opinion among the federal district courts concerning the proper handling of classes purporting to include future victims of discrimination. Several courts have excluded future employees altogether in employment discrimination suits. *See, e. g., Moore v. Western Pennsylvania Water Co.,* 73 F.R.D. 450, 453 (W.D.Pa.1977); *O'Bannon v. Merrill, Lynch, Pierce, Fenner and Smith,* 10 F.E.P. Cases 1261 (W.D.Pa.1975); *Harvey v. Stein Printing Co.,* 9 F.E.P. Cases 88 (N.D.Ga.1973). *But see Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 254 (C.A. 3), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44

L.Ed.2d 679 (1975) (inclusion of future employees is proper provided affirmative relief is considered necessary).

Still other courts have allowed former employees to represent future employees, but have refused to consider the latter group in determining whether the class satisfies Rule 23(a)(1). *See Piva v. Xerox Corp.,* 70 F.R.D. 378, 388 (N.D.Cal.1976).

15. There were 10 new applicants in 1973, 15 in 1974 and 12 in 1975. Three of the four black applicants were accepted. Note 6 *supra.*

and the issue of class size. For example, in *Scott v. University of Delaware, supra,* the plaintiff produced a statistical analysis comparing blacks on the faculty of the defendant University to the pool of black Ph.Ds. Such information may permit certain rough estimations concerning the number of future job applicants and the pervasiveness of the alleged discrimination. In this case, however, the logical connection between the number of qualified black residents of Dover and the number of blacks who can be expected to apply to the defendant company as volunteer firefighters and, thereafter, be discriminated against is much more tenuous. First, predicting the number of black persons who would wish to join a non-paying volunteer fire company is more speculative than predicting the number of black persons who would apply for a paying job for which they were qualified. And while the failure to enumerate class members specifically is not fatal, "*mere speculation as to the existence of the class is insufficient to comply with Rule 23(a)(1)."* *Kinsey v. Legg, Mason & Co.,* 60 F.R.D. 91, 100 (D.D. C.1973); *see Allen v. Pipefitters Union,* 56 F.R.D. 473, 475–76 (D.Colo.1972).[16]

In addition, this case is distinguishable from *Scott* in that the plaintiff has cited no other instances of discrimination to bolster his statistical showing. In denying the defendant's decertification motion in the *Scott* case, the court noted that, besides the above-mentioned statistical analysis, the plaintiff had described

> "additional instances of alleged discrimination against plaintiff, other black employees and potential employees of the University." *Scott v. University of Delaware, supra,* note 11, at 3.

Furthermore, because three of the four known black applicants were accepted by the Company, the plaintiff's proof of class-based discrimination is much less convincing[17] than that presented in similar cases where classes including future victims of discrimination were certified. *See, e. g., Moreno v. University of Maryland, supra* at 562–64; *Green v. City of Glen Cove,* 15 F.R.Serv.2d 1081 (E.D.N.Y.1972).

Finally, the Court perceives no prejudice likely to be suffered by the plaintiff in the event the class is decertified. If the plaintiff succeeds on the merits, this Court has ample authority under 42 U.S.C. § 1981 and 28 U.S.C. § 1343(3) to fashion appropriate injunctive and declaratory relief banning future acts of racial discrimination. *See Moore v. Western Pennsylvania Water Co., supra* at 453; *Kinsey v. Legg, Mason & Co., supra* at 100–01; *Tolbert v. Western Electric Co., supra* at 115–16. The Court could also require the defendant company to dismantle any procedures found to be racially discriminatory. In short, the plaintiff could obtain the same classwide benefits that he requested in his complaint by proceeding in an individual capacity. In such circumstances, the Court is especially reluctant to permit the plaintiff to maintain this action as a class action on behalf of persons who cannot be specifically enumerated.

Accordingly, an order will be entered granting the defendants' motion to decertify the class aspects of this case.

---

16. *See also Tuma v. American Can Co.,* 367 F.Supp. 1178, 1188 (D.N.J.1973); *Dennis v. Norwich Pharmacal Co.,* 17 F.R.Serv.2d 126 (D.S.C.1973) (class including future employees not certified where only 3 other instances of discrimination cited).

17. At this stage, the Court is concerned only with the sufficiency of the showing in relation to Rule 23(a) and expresses no opinion as to the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).