Johnnie ADAMS et al.

v.

**JEFFERSON DAVIS PARISH
SCHOOL BOARD et al.**

Civ. A. No. 760922.

United States District Court,
W. D. Louisiana,
Lake Charles Division.

Oct. 12, 1977.

James J. Cox, Lake Charles, La., for plaintiffs.

Bernard N. Marcantel, Jennings, La., Stephen J. Katz, Monroe, La., for defendants.

## RULING ON MOTION

VERON, District Judge.

Jurisdiction of this court in this case (alleging discrimination by defendants in their hiring and advancement practices) has been invoked pursuant to Title 28 U.S.C. Sections 1343(3)(4), 2201, 1331, and the Fourteenth Amendment. Plaintiffs also cite Title 42 U.S.C. Sections 1981 and 1983 as a basis for this action, which is brought as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

Plaintiffs assert that they represent the class of all employees or potential employees of defendants who have been or will be discriminated against because of their race. It is claimed that the alleged discrimination takes the form of refusal to hire certain black applicants as well as refusal to elevate various faculty members, clerical employees, members of coaching staffs, etc. to higher positions solely because they are black. Plaintiffs also allege that defendants (Jefferson Davis Parish School District and several members of the school board) have followed a policy that discourages blacks from applying for employment or advancement. Defendants have moved this court to dismiss and strike the class action aspects of the complaint, claiming that the named plaintiffs do not represent a class within the meaning of Rule 23.

It is clear that all four prerequisites of Rule 23(a) of the Federal Rules must be met by any Class Action plaintiffs before the class which the plaintiffs seek to represent may be certified as such. Should the plaintiffs fail to fulfill any one of those four the plaintiffs would then have to carry forth this action as individuals.

■ First, the class must be so numerous that joinder of all members is impracticable. While it is clear that the number of people whom plaintiffs in this case have been able to specifically name as possibly having been discriminated against is quite small, plaintiffs seek to represent all potential class members who might be discriminated against in the future as well as all those unidentified blacks who might have failed to apply either for employment by defendant school district or for advancement within the system because of what may be perceived by them to be a systematic policy of discrimination. The Fifth Circuit has held in a similar case that,

> "The alleged class also includes unnamed, unknown future black employees who will be affected by . . . discriminatory policies, and joinder of unknown individuals is certainly impracticable." *Jack v. American Linen Supply Company*, 498 F.2d 122 (5th Cir. 1974).

The Fifth Circuit, in *Jones v. Diamond*, 519 F.2d 1090 (5th Cir. 1975) has also recommended that a court, if ruling on certification of a class at an early stage of litigation, should err in favor of certification since such a ruling can be modified later if necessary. In that same case the court stated that the general rule encouraging liberal construction of class action requirements applies to the numerosity prerequisite. Further, with regard to defendants' assertion that only a limited number of people had actually been subjected to class-based discrimination, the language of Rule 23(b)(2),

> ". . . does not mandate that all members of the (b)(2) class be aggrieved by or desire to challenge the defendant's conduct . . . It does require, however, that the conduct or lack of it which is subject to challenge be premised on a ground that is applicable to the entire class." *Davis v. Weir*, 497 F.2d 139, 146 (5th Cir. 1974).

This court therefore finds that plaintiffs have met the first prerequisite for certification of a class.

■ Second, plaintiffs must demonstrate that there are questions of law or fact common to the class. Defendants urge that plaintiffs have not so demonstrated since black applicants for employment do not share the same concern as black employees seeking advancement. In *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122 at

1124 (5th Cir. 1969) however, the Fifth Circuit found that the scope of a suit brought as a class action was "across the board" discrimination. Thus,

> "While it is true . . . that there are different factual questions with regard to different employees, it is also true that the 'Damoclean threat of a racially discriminatory policy hangs over the class [and] is a question of fact common to all members of the class.' *Hall v. Werthan Bag Corp.,* M.D.Tenn.1969, 251 F.Supp. 184."

■ Defendants urge that the recent Supreme Court decision in *East Texas Motor Freight System v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), which reversed an order by the Fifth Circuit granting class certification, indicates that this Circuit's liberal construction of the rules for class certification may no longer be controlling. That case is distinguishable from the case at bar for several reasons. First, the Court saw the evidence as indicating that those plaintiffs who claimed to represent the class were not, in fact, discriminated against as individuals. Second, the Court felt that plaintiffs' delay in seeking class certification evidenced the plaintiffs' inability to adequately represent the class. We have no doubt that plaintiffs here are capable of properly and adequately representing the class which they seek to have certified. Finally, the Court noted the conflict between the earlier vote by members of the class rejecting a merger of the city and line-driver collective bargaining units, and the demand in the plaintiffs' complaint for just such a merger. No such schism between factions of the class is apparent in the instant case.

■ Third, the claims or defenses of the representative parties must be typical of the claims or defenses of the class. Defendants assert that no such typicality can exist because of the divergent factors and qualifications considered by the Jefferson Davis Parish School Board in the hiring and advancement procedure for filling distinct positions within the school system. While it is true that certain factors to be offered as evidence with regard to the claims of each named plaintiff may be somewhat unique; it is also true that,

> "As a person aggrieved, [the named plaintiff] can represent other victims of the same policies, whether or not all have experienced discrimination in the same way." *Long v. Sapp,* 502 F.2d 34, 43 (5th Cir. 1974).

Also,

> "Plaintiffs in such a class action may represent all individuals who suffer from systematic discrimination, and not just those individuals who may have endured the specific injury inflicted upon the named plaintiffs. *Potts v. Flax,* 5th Cir. 1963, 313 F.2d 284." *Foster v. Sparks,* 506 F.2d 805, 809 (5th Cir. 1975).

■ Finally, in order to certify a class it must be shown that the representative parties will fairly and adequately represent the interests of the class. This court is convinced that such is the case here. Should it become apparent in the future that the plaintiffs or the class which they represent have adverse interests this court may exercise its power to realign the parties or to reconsider its decision to certify this as a class action. *Carr v. Conoco Plastics, Inc.,* 423 F.2d 57, (5th Cir. 1970).

For the foregoing reasons the motion to dismiss and strike the class action is denied. However, the court orders that the maintaining of this action is conditional and will be altered if the court finds that the interests of the class are not being fairly or adequately represented.