580 F.2d 178
 18 Fair Empl.Prac.Cas. 105, 17 Empl. Prac.
Dec. P 8633
Samuel E. HEBERT, Individually and on behalf of all others
similarly situated, Plaintiffs-Appellants,
v.
MONSANTO COMPANY, TEXAS CITY, TEXAS, et al., Defendants-Appellees.
 No. 76-2836.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 18, 1978.
 
 Henry M. Rosenblum, Robert B. O'Keefe, Houston, Tex., for plaintiffs-appellants.
 Wm. N. Wheat, Houston, Tex., for TX. Metal Trades.
 Tom M. Davis, Houston, Tex., for Monsanto Co.
 Appeal from the United States District Court for the Southern District of Texas.
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 Before MORGAN and GEE, Circuit Judges, and KING, District Judge.*
 PER CURIAM:
 
 
 1
 In Hebert v. Monsanto Co., Texas City, Texas, 576 F.2d 77 (5th Cir. 1978), we entertained an appeal brought under 28 U.S.C. § 1292(a)(1) of an interlocutory order denying class action certification. Subsequently, the Supreme Court held that such orders are not appealable. Gardner v. Westinghouse Broadcasting Co., --- U.S. ----, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978). These cases are substantially similar; both present a plaintiff seeking Inter alia injunctive relief for himself and an alleged class of victims of employment discrimination. In Gardner, the Court held that § 1292(a)(1) does not grant jurisdiction over an interlocutory appeal from an order denying class certification. "A holding that such an order falls within § 1292(a)(1) would compromise 'the integrity of the congressional policy against piecemeal appeals.' " --- U.S. at ----, 98 S.Ct. at 2454. In light of the Court's ruling, we vacate our opinion and dismiss the appeal for want of jurisdiction.
 
 
 2
 Dismissed.
 
 
 
 *
 District Judge for the Southern District of Florida, sitting by designation