Louis PINKARD, Edward Lofton, Richard Holston and Donnie Sealie, on behalf of themselves and others similarly situated, Plaintiffs,

v.

PULLMAN–STANDARD DIVISION, PULLMAN, INC., a corporation, Defendant.

Civ. A. No. 76–G–0226–S.

United States District Court, N. D. Alabama S. Div.

Oct. 31, 1978.

U. W. Clemon, Adams, Baker & Clemon, Birmingham, Ala., for plaintiffs.

C. V. Stelzenmuller, Thomas, Taliaferro, Forman, Burr & Murray, Birmingham, Ala., for defendant.

MEMORANDUM OPINION

GUIN, District Judge.

This is an action under Title VII, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981,

for redress of racial discrimination. While it appears that there are absent as to plaintiffs Louis Pinkard and Edward Lofton allegations of charges having been filed with the Equal Employment Opportunity Commission (EEOC) and of "Notice of Right to Sue" letters having been issued, defendant admits their existence. Jurisdiction has not been questioned, and the court assumes that plaintiffs will amend their complaint.

This action came before the court to be heard on October 12, 1978, for a determination of whether plaintiffs Louis Pinkard, Edward Lofton, Richard Holston, and Donnie Sealie satisfy the requirements of Rule 23, Federal Rules of Civil Procedure, as to representation in a class action. Plaintiffs claim to represent a class of all black employees of defendant company who were discharged within a period stipulated by the parties, within 180 days prior to the earliest filing with the EEOC of a charge of discrimination by any of the four named plaintiffs.

■ At the conclusion of plaintiffs' presentation, defendant moved in open court under Rule 41(b), Federal Rules of Civil Procedure, to dismiss the class allegation. Defendant argued that plaintiffs had failed to carry their burden of proof as to typicality of claims, adequacy of representation, or defendant's actions or omissions on grounds generally applicable to the class. After consideration of the motion, the evidence presented and the arguments of counsel, as well as the applicable law, the court is of the opinion that defendant's motion is due to be granted.

Counsel for defendant has furnished the court with an able and expansive brief, with supplementation, in opposition to plaintiffs' class claims. By contrast, plaintiffs have shown little to support their claim, indicating a failure to meet their burden of proof in this inquiry. Defendant in its brief distinguishes between the usual class situation, where common questions of law or fact prevail, and the instant case. Plaintiffs, in opposition, cite a recent Fifth Circuit decision, *Hebert v. Monsanto Company, Texas City, Texas*, 576 F.2d 77 (5th Cir. 1978). The court finds the *Hebert* case to be distinct from the question presented here, and defendant's arguments to be persuasive on the point.

■ While *Hebert* states that "racial discrimination is almost by definition class discrimination," 576 F.2d at 80, the decision is clearly hung on the breadth of the defendant's policies involved there and the wide scope of the statistical evidence that would be pertinent to show those policies. Although nowhere is it explicit in that decision, it would appear to be a hiring discrimination suit. Such discrimination inherently manifests a policy of the employer-defendant and is particularly suited to statistical evidence—in short, given to typicality of claims and interests. The case at hand, however, involves questions of discharge from employment which conversely are best and most fairly adjudicated in light of the facts surrounding each individual occurrence. And where a case involves such special investigation of the claim of every single member of the putative class, it does not lend itself to trial by the class method. *Reddix v. Lucky*, 252 F.2d 930 (5th Cir. 1958).

It was the duty of the plaintiffs in this case to present evidence of the typicality of their claims, yet they did not fulfill this obligation. Nothing was brought up that would compare the treatment of whites with that of the plaintiffs and their alleged class, nor was any mention made of the total employment picture at the defendant's plant. Indeed, judicial notice may be taken of a prior case before this court in which it was shown that defendant hired huge numbers of blacks at its Bessemer facility. It has not been said that defendant is opposed to having blacks on its payroll, and it may in fact not be possible truthfully to say so at all. This would go to subvert a supposition of the existence of a practice or policy on the part of the defendant to discriminate against blacks. Plaintiffs have failed to take up this issue. There has been no showing of any other discriminatory policy or practice on the part of the defendant, such as one to hire and then fire blacks. Fur-

thermore, plaintiff Louis Pinkard, in his testimony before the court, claimed that he was discharged for having stood up, as a union representative, for his fellow black employees. He then admitted that he knew of no other employee who had been similarly treated. This clearly would serve to deny any nexus, and in no way did this plaintiff affirmatively show commonality between his claim and those of the putative class. Plaintiffs have simply failed to show any typicality here, and their case would be better pursued as an individual action.

Finally, the court observes the concern expressed by the Fifth Circuit in *Hebert*, "with the purpose of Rule 23, to provide for judicial economy in the litigation of similar claims." 576 F.2d at 80. But the economics found there simply do not obtain here. Discharge actions involve basically dissimilar claims, as to which—as noted above—particular study must be made as to each complainant's circumstances. There may well be good cause for at least some firings. These would not be actionable, and claims for their redress would only be frivolous. To disallow class status will only deny baseless claims the shelter provided by other claims, as to which there may be good cause. Thus it will be less wasteful of judicial resources to allow each cause to be brought separately. Presumably, most if not all those with claims which lack merit know this and will recognize the lack of merit by *not* filing suit. Merited or not, each must stand alone. In this way, the wheat will separate itself from the chaff.

The plaintiffs having failed to carry their burden of proof, the court is drawn to the conclusion that there is essentially no question of fact or law involved here common to the putative class, which would predominate over questions affecting only individual members, and that a class action would be inferior to other available methods for the fair and efficient adjudication of the controversy. The court is therefore of the opinion that defendant's motion to dismiss the class allegation should be granted, and that this case should proceed to trial on the merits as an individual action.

A separate order in accordance with this opinion is contemporaneously entered.