Lois JOHNSON, etc., Plaintiff,

v.

MONTGOMERY COUNTY SHERIFF'S DEPARTMENT, et al., Defendants.

Civ. A. No. 82–717–N.

United States District Court, M.D. Alabama, N.D.

Sept. 12, 1983.

Joan Van Almen, Montgomery, Ala., for plaintiff.

Henry C. Chappell, Jr., Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., for defendants.

OPINION

MYRON H. THOMPSON, District Judge.

The plaintiff Lois Johnson has brought this cause of action charging the defendants Montgomery County Sheriff's Department and its officials with sex discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e–17. This cause is now before the court on Johnson's request that it be maintained as a class action. Upon consideration of the allegations of the complaint, as amended, the facts provisionally found at this time, and the law, the court is of the opinion that the requirements of Fed.R.Civ.P. 23(a) and (b)(2) are satisfied and that this cause should be certified as a class.

I.

Lois Johnson, a woman, has been employed by the Montgomery County Sheriff's Department since September 17, 1979. Although she has requested to be transferred or promoted to another position, she still works as a deputy sheriff in the Department's jail division.

Johnson has brought this lawsuit charging the Department and its officials with discrimination against women in hiring, promotions, and transfers. She is suing on behalf of herself and a putative class composed of all past, present and future female employees of the Department and all present and future female applicants. She is seeking declaratory and injunctive relief, including back pay and frontpay, for herself and the putative class. The putative class consists of approximately 12 past female employees, 14 present female employees, 33 female applicants presently on the register of the Montgomery City-County Personnel Board, and unidentifiable future female employees and applicants.

The three primary divisions in the Sheriff's Department are jail, civil and

criminal which employ approximately 100 deputy sheriffs and ranking officers. Present job assignments of male and female deputies by divisions are as follows: [1]

| | Deputy Sheriffs | | | | Ranking Officers | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | Male | Female | Total | %Female | Male | Female | Total | %Female |
| Jail | 19 | 6 | 25 | 24.0 | 9 | 1 | 10 | 10 |
| Criminal | 38 | 1 | 39 | 2.6 | 14 | 0 | 14 | 0 |
| Civil | 4 | 6 | 10 | 60.0 | 2 | 0 | 2 | 0 |
| Total | 61 | 13 | 74 | 17.5 | 25 | 1 | 26 | 3.8 |

The sheriff has a general policy, with a few possible exceptions, of assigning all new female deputies to the jail, of limiting the number of female deputies in the jail to six, and of promoting and transferring female deputies from the jail only when a female applicant is hired. Furthermore, the evidence now before the court reflects that while the criteria for hiring, transfers and promotions include ability, attitude toward job, experience and seniority, there is a high degree of subjectivity in the application of the criteria. The evidence also reflects that the application of the criteria varies depending on whether the employee or applicant is male or female. Johnson alleges that the net effect of this hiring, transfer and promotion policy is discriminatory against women. More specifically, she alleges that under this policy women have been passed over while less well-qualified men have been hired, promoted or transferred to other divisions.

## II.

■ The question of class certification is a procedural one distinct from the merits of the action. *Garcia v. Gloor,* 618 F.2d 264, 267 (5th Cir.1980), *cert. denied,* 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981); *Huff v. N.D. Cass Co.,* 485 F.2d 710 (5th Cir.1973) (en banc). *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178–79, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974). Nevertheless, the court must "evaluate carefully the legitimacy of the named plaintiff's plea that he is a proper class representative under Rule 23(a)." *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). To meet the requirements for a class under Fed.R.Civ.P. 23(a) and (b)(2), the plaintiff must show numerosity of the class, typicality of the named plaintiff's claim, commonality of questions of law or fact, and adequacy of representation.[2] She must also show that the final relief requested is appropriate to the class as a whole.

■ I. *Numerosity.* The requirement of numerosity is fact-based. Judicial economy and impracticality of joinder are the key. *Phillips v. Joint Legislative Committee,* 637 F.2d 1014, 1022 (5th Cir.1981), *cert. denied,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982). Johnson has identified

1. Since this action has been filed, there have been two transfers of women deputies from the jail to other divisions. Johnson correctly notes that such voluntary changes of practice in the face of pending litigation will not defeat the action. *See NAACP v. City of Evergreen,* 693 F.2d 1367, 1370 (11th Cir.1982); *James v. Stockham Valves & Fitting Co.,* 559 F.2d 310, 354–55 (5th Cir.1977), *cert. denied,* 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978).

2. Fed.R.Civ.P. 23(a) and (b)(2) provides:

   (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are

questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

   (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

   \* \* \* \* \* \*

   (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

26 past and present employees and 33 applicants who fall within the putative class. Joinder of this large number of individual claims would be unwieldly. Moreover, when a putative class includes future applicants and employees, as in the present case, joinder is impossible; thus, if the action is to include these persons, it must be maintained as a class. *Phillips,* 637 F.2d at 1022; *Hebert v. Monsanto Co.,* 576 F.2d 77, 80 (5th Cir.1978), *vacated on other grounds,* 580 F.2d 178 (1978); *Jack v. American Linen Supply,* 498 F.2d 122, 124 (5th Cir.1974). For these reasons the numerosity requirement has been satisfied.

■ II. *Commonality and Typicality.* The requirements of commonality and typicality tend to merge. *Falcon,* 457 U.S. at 157 n. 13, 102 S.Ct. at 2371 n. 13. To satisfy them, there must be common elements of law or fact in the class and individual claims such that the class action would be an economical way of prosecuting and defending these claims, *Hebert v. Monsanto Co.,* 576 F.2d 77, 80 (5th Cir.), *vacated on other grounds,* 580 F.2d 178 (1978), and the named plaintiff's claim and the class claims must be "so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Falcon,* 457 U.S. at 157 n. 13, 102 S.Ct. at 2371 n. 13.

■ The requirements for typicality and commonality were considered in some detail last Term by the Supreme Court in *General Telephone Co. of Southwest v. Falcon, supra.* While agreeing with the proposition "that racial discrimination is by definition class discrimination," the Court disapproved the wholesale use of "across the board" attacks on both hiring and promotion when the plaintiff has been the victim of discrimination in only one. 457 U.S. at 157–58, 102 S.Ct. at 2370–71. The Court observed that

the allegation that such discrimination has occurred neither determines whether a class action may be maintained in accordance with Rule 23 nor defines the class that may be certified. Conceptually, there is a wide gap between (a) an individual's claim that he has been denied a promotion on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact and that the individual's claim will be typical of the class claims. For respondent to bridge that gap, he must prove much more than the validity of his own claim.

457 U.S. at 157, 102 S.Ct. at 2371 (footnote omitted). The Court, however, noted that where there is significant proof that the employer operated under a general policy of discrimination which manifested itself in the same general fashion both in hiring and promotion, an across the board attack on both may be appropriate. *Id.,* 457 U.S. at 159 n. 15, 102 S.Ct. at 1271–72 n. 15. Examples given by the Court were a biased testing procedure used to evaluate both applicants and employees, and an entirely subjective decisionmaking process affecting both applicants and employees. *Id.* The centerpiece of the Court's opinion was that in order to sustain an across the board attack on both hiring and promotion there must be significant proof of "discriminatory employment *practices*" common to both. *Id.* (emphasis in original).

The evidence in the present case substantiates the inclusion of both applicants and employees in the class Johnson seeks to represent. First of all, the evidence reflects a reciprocal relationship between hiring and transfer and promotion opportunities. Female applicants cannot be hired into jail positions unless vacancies occur in jobs now held by women; and female deputies cannot move up and out of jail jobs unless new female applicants are hired. Also, if the evidence is approached from a slightly different angle, the following language from *Richardson v. Byrd,* 709 F.2d 1016, 1020, 32 E.P.D. ¶ 33,749, p. 30,585 (5th Cir.1983), addressing a similar fact situation, is applicable and dispositive:

Unlike the disapproved class representative in *Falcon,* we find that Richardson demonstrated a sufficient Rule 23(a) nexus to enable her to represent a class consisting of both employees and applicants. One of the Sheriff's practices that Richardson attacked involved the assignment of all new female deputies to the jail and a restriction on their transfer to more desirable sections. Because the section of the jail available for females was smaller than the male section, the Sheriff's policy by necessity limited the number of female deputies that could be employed by the Sheriff's Office. As such, both applicants and employees were adversely affected by the same practice.

At 1020, 32 E.P.D. at 30,587. Finally, the evidence reflects an overarching subjective decisionmaking process affecting both applicants and employees and thus warranting inclusion of both in the same class. *E.g., Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 930 (11th Cir.1983); *Richardson v. Byrd, supra.*

Admittedly, there may be distinct issues related to the merits of the claims of individuals or the type of relief to be afforded them, as the Sheriff's Department has claimed in its brief. Such issues of proof and remedy are not due to be resolved at the present time. It is sufficient that the claims, the injuries alleged and remedies sought weave together issues of fact and law common to all putative class members.

■ III. *Adequacy of Representation.* There is no evidence of any conflict between the remedies sought by Johnson and those due the other members of the class she seeks to represent. Also, Johnson has conscientiously pursued this lawsuit, and the legal representation exhibited so far by her counsel has been more than adequate.

IV. *Relief Appropriate to the Class as a Whole.* The injunctive and declaratory relief requested by Johnson appears so far to be appropriate to the class as a whole, should the class prevail.

### III.

In conclusion and for the above reasons a class is due to be certified as consisting of all past, present, and future female employees of the Montgomery County Sheriff's Department and all present and future female applicants for positions in the Department. An appropriate order will be entered in accordance with this opinion.