Sarah Linda PARKER, et al., Individually, and on behalf of all other persons similarly situated

v.

BELL HELICOPTER COMPANY, a subsidiary division of Textron, Inc., et al.

Civ. A. No. CA 4–75–61.

United States District Court, N. D. Texas, Fort Worth Division.

April 21, 1978.

508

Huey P. Mitchell, Fort Worth, Tex., John W. Walker and Philip E. Kaplan, Walker, Kaplan & Mays, Little Rock, Ark., for Sarah Linda Parker and Curtis Ford, Mary Jackson, Opal Randall, Blanche W. Eberly, and Peggy Haynes, plaintiffs.

Howard A. Specter, Litman, Litman, Harris & Specter, Pittsburgh, Pa., Lead Counsel, Wallace S. Craig, Hurst, Tex., Associate Local Lead Counsel, for Ernest Mackey and Albert Odom, plaintiffs.

James C. Barber and Kenneth H. Molberg, Law Offices of James C. Barber, Dallas, Tex., for Dorothy Joyner Spears, plaintiff.

Beale Dean and Stephen C. Howell, Brown, Herman, Scott, Dean & Miles, Fort Worth, Tex., Stephen N. Schulman and Patricia Magee Vaughan, Cadwalder, Wickersham & Taft, Washington, D. C., for defendants Bell Helicopter Co. and Textron, Inc.

Kenneth L. Schorr, Youngdahl, Larrison & Agee, Little Rock, Ark., David R. Richards, Clinton & Richards, Austin, Tex., for defendants United Local Office Workers No. 317, U.A.W., and the International Union of United Automobile, Aerospace & Agricultural Workers of America (U.A.W.) and Local 218, U.A.W.

## 510

### CLASS CERTIFICATION ORDER

MAHON, District Judge.

In its pretrial order of April 19, 1977 this Court conditionally consolidated and conditionally certified *Sarah Linda Parker, et al. v. Bell Helicopter,* CA 4–75–61, *Ernest Mackey, et al. v. Bell Helicopter,* CA 4–76–88, *Dorothy Joyner Spears v. Bell Helicopter,* CA 4–77–37 and *Mary Jackson, et al. v. Bell Helicopter, et al.,* CA 4–77–74. The class as conditionally certified consisted of all Black persons and all females who are or have been employees or applicants for employment at any of defendant Bell's facilities. There is now before the Court plaintiffs' motion to formally certify the class.

### I. PRELIMINARY MATTERS

■ This Court, in its 19 April 1977 Pretrial Order, expressed its concern that possible conflicts may exist between the interests of some of the plaintiffs. Although denied by plaintiffs, it appears that conflicts will be almost impossible to avoid in fashioning a remedy should plaintiffs prevail. On the other hand the uniform complaint of all plaintiffs is that defendant Bell discriminates against Blacks and females. This Court feels that under the circumstances the best way to handle this complex litigation is to bifurcate the action under Fed.R.Civ.P. 23(c)(4)(A) into separate trials of liability and remedy rather than simply dividing plaintiffs into subclasses under Fed.R.Civ.P. 23(c)(4)(B). There will be a single class of plaintiffs for the purpose of a trial as to defendant's liability. Should plaintiffs prevail, a strong likelihood exists that division into subclasses will become necessary in order that the Court might receive adequate input in deciding on an appropriate remedy.

Initially this Court must determine whether plaintiffs might be precluded as a matter of law from maintaining this lawsuit as a class action.

Defendant contends that the nine named plaintiffs must each meet the requirements of Fed.R.Civ.P. 23. Rule 23(a) provides, however, that one or more persons may represent a class if certain prerequisites are met. Whether this action may properly be treated as a class action will depend, therefore, on whether the named plaintiffs as a group meet the applicable standards. Should plaintiffs meet their burden of showing the appropriateness of class action treatment, further examination must be made as to possible limits on the membership, geography and beginning date of the class.

### II. DEFENDANT UNIONS

■ In *Sarah Parker, et al. v. Bell Helicopter, et al.,* CA 4–75–61 and *Mary Jackson, et al. v. Bell Helicopter, et al.,* CA 4–77–74, plaintiffs charged United Local Office Workers No. 317, U.A.W., and the International Union of United Automobile, Aerospace, and Agricultural Implement Workers of America with discrimination. No briefs have been filed by any plaintiffs as to class certification against the unions. Plaintiffs have the burden of demonstrating that the elements of Fed.R.Civ.P. 23 have been satisfied. *Hannigan v. Aydin Corp.,* 76 F.R.D. 502 (E.D.Penn.1977). This Court believes that logic and the policy of Fed.R.Civ.P. 23 require that plaintiffs meet this burden as to each defendant. They have clearly not done so as to the unions. If for no other reason, class certification against the unions should be denied on the ground that failure to even attempt to seek certification indicates plaintiffs would not be an adequate representative of class claims against the unions.

Since the unions are named defendants and are obviously interested in any impact this litigation might have on their collective bargaining agreements, they will remain in this action. Any complaints against or recovery from the unions will, however, necessarily be limited to the named plaintiffs Sarah Parker, Curtis Ford, Mary Jackson, Opal Randall, Blanche Eberly and Peggy Haynes.

### III. RULE 23(a)

Fed.R.Civ.P. 23(a) states:

(a) Prerequisite to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

■ Initially it must be remembered that a ruling on class certification in no way involves the merits of plaintiffs' claims. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). In addition, even though Title VII cases are very often litigated as class actions, plaintiffs are not relieved of their burden of proof as to the technical requirements of Rule 23(a). *Satterwhite v. City of Greenville,* 557 F.2d 414 (5th Cir. 1977).

### A. NUMEROSITY

Plaintiffs seek to represent a class composed of all Blacks and all females who are or who have been employees or applicants for employment at any of defendant's facilities. Defendants do not seriously contest plaintiffs' allegation that the class is so numerous that joinder of all members would be impracticable.

### B. COMMON QUESTIONS OF LAW OR FACT

■ Part (a)(2) of Fed.R.Civ.P. 23 requires that there be questions of law or fact common to the class. Plaintiffs assert that defendant Bell maintains a policy of discriminatory employment and hiring practices directed against Blacks and females. An allegation of discrimination based on race or sex is by its very nature one that concerns an entire class of people. *See Johnson v. Georgia Highway Express,* 417 F.2d 1122 (5th Cir. 1969). This is particularly true in the context of an employment discrimination claim. *Oatis v. Crown Zellerbach,* 398 F.2d 496 (5th Cir. 1968); *Jenkins v. United Gas Corp.,* 400 F.2d 28 (5th Cir. 1968).

■ Defendant alleges that potentially conflicting interests between subclasses of plaintiffs prevent them from meeting this portion of Rule 23. Bifurcating the case and certifying a single class solely for the determination of liability takes care of this objection, however. All the representative plaintiffs have alleged a pattern of discriminatory practices on the part of Bell Helicopter. All claims relate to those alleged discriminatory practices. So far as the liability stage goes, therefore, there are clearly issues of fact and law common to the class.

### C. TYPICALITY

A reading of cases which discuss the "typicality" requirement show there is a great deal of doubt as to its exact meaning. 7 Wright and Miller *Federal Practice and Procedure* § 1764 (1972). It is very often simply equated with the requirements of commonality or adequacy of representation. 4 Newberg *Class Actions* § 7983 (1977).

■ In any event it appears clear that Rule 23(a)(3) does not require that the factual background of the named plaintiffs' cases be identical with that of other members of the class. It is only necessary that the disputed issue occupy essentially the same degree of centrality to the named plaintiffs' claims as to those of other members of their purported class. *Cottrell v. Virginia Electric & Power Co.,* 62 F.R.D. 516 (E.D.Va.1974). Bell's alleged across the board discriminatory practices are at the heart of both the named and unnamed plaintiffs' claims. Named plaintiffs have demonstrated the required nexus between their interests and those of the class. *Long v. Sapp,* 502 F.2d 34 (5th Cir. 1974). Reserving for now the exact scope of the class plaintiffs may represent, the Court finds that plaintiffs' claims are not so atypical that class certification would be impermissible.

### D. ADEQUACY OF REPRESENTATION

■ In determining whether the named plaintiffs will adequately protect the

interests of the other class members, it must be remembered that the strength of an individual plaintiff's claim is irrelevant to a class certification inquiry. *Long v. Sapp, supra.* Adequate representation basically requires inquiry into three areas: (1) the qualifications of plaintiffs' attorney, (2) the possibility that the litigants are involved in a collusive suit and (3) whether the named plaintiffs have interests antagonistic to those of the rest of the class. *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122 (5th Cir. 1969). There is no indication that the first two present any real problem. In its earlier pretrial order this Court appointed Howard Specter lead counsel with Wallace Craig to serve as local associate. This Court sees no reason this arrangement should not continue. As to the possible conflicting interests, that problem is resolved through bifurcation of the trial as has already been discussed.

## IV. RULE 23(b)(2)

Even after a potential class meets the four 23(a) requirements, to be certified it must also fall within either 23(b)(1), (2) or (3). Plaintiffs allege their's is a Rule 23(b)(2) action.

Fed.R.Civ.P. 23(b) states that:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

 * * * * * *

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

It is clearly the rule in this Circuit that a Title VII action is properly maintained under Rule 23(b)(2). *Franks v. Bowman Transportation Co.,* 495 F.2d 398 (5th Cir. 1974); *Johnson v. Georgia Highway Express, supra.* The notes of the Advisory Committee that made the 1966 amendment to Rule 23 state that:

Action or inaction is directed to a class within the meaning of this subdivision [23(b)(2)] even if it has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class.

Defendants' alleged pattern of discriminatory practices complained of in the pleadings clearly make this action appropriate for Rule 23(b)(2) treatment.

## V. SCOPE OF CLASS

Having determined that plaintiffs are not precluded from maintaining this suit as a class action, this Court must now define the exact limits on the scope of the class. The major questions are (a) the geographical scope, (b) whether to include applicants in the class, and (c) the cut-off date for those claims allowed in the class.

### (a) *Geographical Scope*

Defendant Bell has facilities in Missouri, California, Florida, Pennsylvania and the District of Columbia as well as in Amarillo and Fort Worth, Texas. The named plaintiffs are all employees or former employees of the various Fort Worth area facilities. Although at one point in plaintiffs' brief (Mackey's brief pg. 7) they suggest all Bell employees should be included in the class, a reading of all plaintiffs' briefs reveals that they are seriously interested only in representing Bell's Texas employees.

Bell argues that since the Amarillo plant is covered by a different collective bargaining agreement than the Fort Worth facilities, Amarillo employees may not be included. In other words, Bell contends that the named plaintiffs may not represent the Amarillo employees for failure to meet the typicality and adequate representative requirements of Fed.R.Civ.P. 23(a)(3) & (4). In support of this contention defendant cites *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed. 396 (1977) and *East Texas Motor Freight System, Inc. v. Rodriquez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed. 453 (1977).

This Court feels that defendant's reading of *Teamsters* as precluding inclusion of more than one collective bargaining agree-

ment in a class is mistaken. The holding in *Teamsters* was that the operation of a bona fide seniority system implemented pursuant to a valid collective bargaining agreement could not violate Title VII, even though the system perpetuated the effects of past discrimination. To deduce from that holding a rule that all employment discrimination class actions must be limited to employees under a single collective bargaining unit would significantly lessen the effectiveness of class actions as a means of implementing the congressional purpose embodied in the civil rights acts.

 It is true, as defendant points out, that none of the named plaintiffs are or have been employed with the Amarillo facility. This Court is also mindful of the Supreme Court's language in *Rodriquez* that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Rodriquez, supra* at 403, 97 S.Ct. at 1896. Nevertheless this Court does not believe that plaintiffs are precluded from representing the Amarillo employees as a matter of law. Rather the issue becomes a fact question of typicality and adequacy of representation on which plaintiffs bear the burden of proof. *Hannigan v. Aydin Corp.,* 76 F.R.D. 502 (E.D.Penn.1977).

 At the class certification hearing plaintiffs introduced evidence showing that the managers of the Amarillo facility are responsible to Bell's executives in the Fort Worth area. (Plaintiff Mackey's brief pgs. 5–15). Moreover, if, as plaintiffs contend, Bell discriminates against minorities, it is certainly likely that such discrimination would be present at the Amarillo facility as well as in the Fort Worth area. The fact that plaintiffs are, or were, employed by Bell in the Fort Worth area does not mean that the claims of those Blacks or women

are not typical of the Amarillo employees. If Blacks and women who work for Bell have been discriminated against because they are Blacks or women, their claims are typical wherever they work. *Warren's Committee for Equal Employment Opportunity v. National Broadcasting Co., Inc.,* 71 F.R.D. 666 (S.D.N.Y.1976). For these reasons this Court concludes that plaintiffs meet the typicality requirement of Rule 23(a)(3).[1]

Whether plaintiffs will adequately represent the interests of the Amarillo employees is a more difficult issue. Because any judgment in this action would be res judicata as to the Amarillo employees, it is very important to them that the named representatives vigorously prosecute their interests. *See Gonzales v. Cassidy,* 474 F.2d 67 (5th Cir. 1973). At this stage of the proceedings the best course seems to be to presume plaintiffs will adequately represent the Amarillo employees. *See* 4 Newberg *Class Actions* § 7984d. If at any time during the course of this litigation the Court determines that plaintiffs are not adequately representing any portion of the class it may of course, redefine the class to protect such unrepresented members.[2] FRCP 23(d)(4). For now, however, the class will include all of Bell's facilities in Texas.

### (b) *Applicants*

Defendant's major objection to including applicants in the class is that plaintiffs' claims are not typical of applicants' claims and that they could not provide adequate representation. Rule 23(a)(3) & (4). Again citing *Rodriquez* for the rule that a class representative must be a member of the class, defendant argues that since all of the named plaintiffs were hired by Bell none can represent rejected applicants.

---

1. This does not mean, however, that simply alleging a pattern of discrimination guarantees a broad class certification. A court may allow, as was done in this case, limited discovery with respect to the class action issue prior to the Rule 23(c)(1) hearing. If that discovery reveals that the "across the board" allegations are plainly insubstantial or frivolous, which is not the case here, then a court can properly limit or even deny the class certification. *Presseisen v.*

*Swathmore College,* 71 F.R.D. 34 (E.D.Penn. 1976).

2. Who could then initiate their own suit if they so desired since the statute of limitations is tolled while they are a part of the present litigation. *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

Defendant reads *Rodriquez* much too narrowly. In *Satterwhite v. City of Greenville, Texas,* 557 F.2d 414 (5th Cir. 1977) the Court held that *Rodriquez* did not preclude a rejected applicant with a meritless individual claim from adequately representing a class of employees. Plaintiffs, solely because they are all successful applicants, are not precluded as a matter of law from representing rejected applicants.

It thus becomes a question of fact (1) whether plaintiffs have demonstrated a nexus with the applicants and (2) whether they can adequately represent the applicants' interests. *Long v. Sapp, supra.* Plaintiffs allege that Bell practices across the board discrimination against applicants and employees alike. Furthermore, the evidence which has thus far surfaced during discovery does not justify abandonment of the usual policy of accepting the plaintiff's factual allegations as true for purposes of class certification. *Limphere v. Brown University,* 71 F.R.D. 641 (D.R.I.1976). This constitutes a sufficient nexus under *Long.*

Adequacy of representation of the applicants' interests present the identical problem as did the Amarillo employees. Like them the applicants will be included in the class only so long as the Court is convinced their interests are being vigorously pursued. Rule 23(d)(4).

### (c) *Class Origins*

In defining the class, close attention must be given to the time when the claims of class members arose. Under Title VII and EEOC charge must be filed either: (1) within 180 days of the occurrence of an alleged unlawful employment practice if the charge is filed directly with the EEOC; or (2) within 300 days of the alleged act if plaintiff first files his grievance with a state agency. 42 U.S.C. § 2000e–5(e). A named plaintiff who has timely filed may represent class members who never filed an EEOC complaint. He cannot, however represent those who could not have filed a charge with the EEOC at the time he filed his charges. *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239 (3rd Cir. 1975), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).

Although the representative plaintiffs all exercised the first option, if other class members had utilized the latter provision, they could have filed an EEOC charge any time up to 300 days after their alleged discrimination. *Hannigan v. Aydin Corp., supra; Coppotelli v. Howlett,* 76 F.R.D. 20 (E.D.Ill.1977). Consequently, those claims arising more than 180 days before the earliest applicable EEOC filing must be excluded from the class unless they were filed with a state agency within 300 days of the alleged discrimination.

Similarly, under Texas law, any cause of action under 42 U.S.C. § 1981 is barred if suit is not brought within two years. *Franklin v. Crosby Typesetting Co.,* 411 F.Supp. 1167 (N.D.Tex.1976), *affirmed,* 568 F.2d 1098 (5th Cir. 1978). Any § 1981 claim against Bell Helicopter, therefore, can be included in the class only if it arose two years or less before the earliest named plaintiff filed his suit.

Plaintiffs suggest that this Court simply find the earliest EEOC complaint and the earliest § 1981 petition of any of the named plaintiffs and use those dates in defining the class. Ernest Mackey made the earliest EEOC complaint on May 25, 1973. Sarah Linda Parker's complaint filed on March 25, 1975 is the earliest § 1981 action.

In determining whether the named plaintiffs met the Fed.R.Civ.P. 23(a) requirements, this Court treated plaintiffs as a group. As a group plaintiffs appear to be able to adequately represent the various claimants in this suit. To simply use Mackey's EEOC complaint to determine the origin date of all Title VII claims of the class would necessitate a finding that Mackey, a black male, is individually an adequate representative of all white females with Title VII claims. But Mackey did not even mention sex discrimination in his EEOC complaint or his petition filed with this Court. The earliest Title VII complaint to EEOC based on sex discrimination is the one Sarah Parker filed on May 1, 1974. The cutoff date for Blacks with Title VII claims will thus be determined from Mackey's complaint while females' claims under Title VII

will be determined from Parker's complaint. One hundred eighty days before Mackey's complaint is November 26, 1972. One hundred eighty days before Parker's EEOC complaint is November 2, 1973.[3]

It is, therefore, ORDERED that this cause of action be bifurcated and that the issues of liability and remedy be tried separately.

It is further ORDERED that this consolidated action be, and hereby is, certified as a class action with the class defined as follows:

> All Blacks and females who are or were employed or who applied for employment at any of Bell's Texas facilities, subject, however, to the following limitations:
>
> All Title VII claims of Blacks arising before November 26, 1972 are excluded; all Title VII claims of females arising before November 2, 1973 are excluded,[4] and all § 1981 claims arising before March 25, 1973 are also excluded.[5]

---

3. For any who can show they first filed with a state agency, the class cutoff date will be 300 days before the applicable EEOC complaint. 42 U.S.C. § 2000e–5(e).

4. See Note 3; *infra.*

5. Any recovery of back pay would, of course, be limited to March 25, 1973 under the § 1981 cause of action. Under Title VII May 25, 1971 and May 1, 1972 are the back pay cutoff dates for Blacks and females respectively. 42 U.S.C. § 2000e–5(g).