Bradley K. BEASLEY, Plaintiff,

v.

William GRIFFIN et al., Defendants.

Civ. A. No. 75–170–S.

United States District Court,
D. Massachusetts.

Jan. 17, 1979.

Jonathan Shapiro, Stern & Shapiro, Boston, Mass., for plaintiff.

Bruce A. Singal, Asst. U. S. Atty., Boston, Mass., for defendants.

## MEMORANDUM ON THE DEFENDANTS' MOTION TO STRIKE CONDITIONAL CERTIFICATION OF THE CLASS

SKINNER, District Judge.

The plaintiff is a black employee in Region I of the Customs Service, U.S. Department of the Treasury. He alleges that the defendants denied him promotion because of his race. He claims also that racial discrimination has pervaded their hiring and promotion practices. In my Memorandum and Order of February 23, 1977, 427 F.Supp. 801, I determined that he stated a cognizable cause of action under 42 U.S.C. § 2000e–16. *Id.* at 804. I also certified conditionally a plaintiff class.

That class included "(a) all black employees of the United States Customs Service, Region I; (b) all black applicants for employment by the Customs Service, Region I; and (c) all potential black applicants for employment by the Customs Service, Region I." *Id.* I noted that the certification was conditional and that the "scope of issues and parties" were "subject to reevaluation and limitation." *Id.* at 805. The defendants have moved to strike the conditional class certification, and the named plaintiff opposes their motion.

For the reasons set out below, I conclude that the conditionally certified class properly consists of:

1) black employees of the United States Customs Service, Region I, employed there as of January 13, 1975 or since;

2) black applicants for employment with the United States Customs Service, Region I, who have applied since January 17, 1972; and

3) future black applicants for employment by the United States Customs Service, Region I.

This definition of the class is subject to necessary modification as the litigation proceeds. *See Parker v. Bell Helicopter Co.,* 78 F.R.D. 507, 513, 514 (N.D.Tex.1978).

I. *Defendants' arguments for complete denial of class certification.*

The defendants argue two grounds for denying class certification entirely. First, they contend that the named plaintiff has not shown that enough members of the alleged class claim harm from discrimina-

tion to meet the requirements of numerosity. F.R.Civ.P. 23(a)(1). Second, they assert that their status as governmental agencies and officials precludes the need for a class action.

▊ In arguing that the named plaintiff has not shown numerosity, the defendants state that he has identified only seven applicants for employment against whom the Customs Service allegedly discriminated; that he has yet to identify a potential applicant; and that, when the defendants asked which employees suffered discrimination in promotions, he said only that discovery was incomplete. At this stage, I do not believe that these facts justify striking class certification. When the named plaintiff filed his complaint, Region I of the Customs Service employed 33 blacks. An exhibit attached to the defendants' memorandum lists, as of October 20, 1978, 64 black employees in Region I of the Customs Service, of whom 10 have opted out of the class.

Two cases on which the defendants rely heavily do not change my conclusion. In *Tolbert v. Western Electric Company*, 56 F.R.D. 108 (N.D.Ga.1972), the court imposed stringent requirements for maintaining the class action that the named plaintiffs did not meet. *Id.* at 112, 114–15. I have not imposed similar requirements. In *Lim v. Citizens Savings and Loan Association*, 430 F.Supp. 802 (N.D.Cal.1976), the court refused class certification because the plaintiff failed to make a prima facie statistical showing of class discrimination. *Id.* at 809. Its finding that the complaint on behalf of the alleged class was frivolous was a factual determination that does not apply here.

▊ The second argument of the defendants for complete denial of class certification rests on their status as governmental agencies and officials. They rely on the presumption that governmental defendants "will not continue activities which have been declared unconstitutional or discriminatory." This presumption is at best rebuttable, *cf. Chandler v. Roudebush*, 425 U.S. 840, 848, 849 & n. 9, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), and if the named plaintiff wins injunctive relief in this case and the defendants subsequently discriminate in their employment practices, affected employees should have recourse to contempt proceedings.

II. *Defendants' arguments for paring the class that has been conditionally certified.*

The defendants argue for five modifications of the class that would decrease its size.

▊ 1. In my February 1977 memorandum and order, I wrote:

Plaintiff's motion [for class certification], in effect, asks this court to adopt a standard for class certification which would permit an "across the board" attack on defendants' alleged unequal employment practices. Such a standard has been generally adopted in Title VII cases in view of the broad remedial purposes of Title VII.

Although it has not yet directly addressed this issue this circuit has recognized in other contexts the discretion of the trial court in these matters and acknowledged that courts in Title VII cases permit plaintiffs to represent classes as broad as the one sought here.

427 F.Supp. at 805 (citations omitted). The defendants contend that *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (May 31, 1977), now precludes across-the-board Title VII class actions. Because the named plaintiff claims harm from allegedly discriminatory denials of promotion, the defendants argue that he cannot properly represent unsuccessful applicants for employment.

*Rodriguez* holds simply that a court may not certify a class action where trial on the merits has shown that the named plaintiffs have no claim. It also reaffirms the necessity of meeting the requisites of Rule 23 before a class action may be certified. Its dicta do not signal an end to across-the-board Title VII class actions. A majority of the courts that have analyzed this point agree. *See Satterwhite v. City of Greenville*, 578 F.2d 987, 993–94 n. 8 (5th Cir.

1978) (en banc); *Wofford v. Safeway Stores, Inc.*, 78 F.R.D. 460, 473–77 (N.D.Cal. 1978); *Arnett v. American National Red Cross*, 78 F.R.D. 73, 77 n. 6 (D.D.C.1978); *Vuyanich v. Republic National Bank of Dallas*, 78 F.R.D. 352, 357 (N.D.Tex.1978); *Parker v. Bell Helicopter Co.*, 78 F.R.D. 507, 513–14 (N.D.Tex.1978); *Dickerson v. United States Steel Corp.*, 439 F.Supp. 55, 61–62 (E.D.Pa.1977). *But see Hubbard v. Rubbermaid, Inc.*, 78. F.R.D. 631, 642–43 (D.Md. 1978); *Markey v. Tenneco Oil Co.*, 439 F.Supp. 219, 229 n. 38 (E.D.La.1977). *See generally* Case Comment, *The Proper Scope of Representation in Title VII Actions: A Comment on East Texas Motor Freight System, Inc. v. Rodriguez*, 13 Harv.C.R.–C. L.L.Rev. 175 (1978).

■ 2. The defendants challenge including in the class potential black applicants for employment by Region I of the Customs Service. The ways in which courts have dealt with proposed classes that include "future victims of discrimination" vary widely. *Walker v. Robbins Hose Fire Co. No. 1, Inc.*, 76 F.R.D. 218, 222 n. 14 (D.Del.1977), and cases cited therein. Future applicants cannot receive notice of the action, intervene, or opt out. Their lack of notice makes it doubtful that they could be bound by an unfavorable result. Were the result to be favorable, as members of the class they could enforce the injunctive relief in contempt actions.

Against the one-way intervention * must be balanced the inequity that excluding future applicants from the class might create. Were this action to succeed, future discrimination by the defendants would be met by two classes of employees: those who could bring contempt actions, and those who would need to initiate entirely new proceedings. I find this prospect more troubling than that of one-way intervention, especially as the goal in this context would be not to share in monetary relief, but to enforce an injunction against discrimination.

---

* Along with the dilemma of one-way intervention, certification of a group of future applicants poses the problem of numerosity. Because another part of the class has satisfied

■ 3. The defendants contend that black employees who have not been denied promotion within the Customs Service or who have risen to upper-level positions must be excluded from the class. At oral argument, they acknowledged that among the employees who were never denied promotion were some who never applied for it; these employees may not have applied because they recognized that discrimination made their applications futile. Blacks who hold upper-level positions may have risen more slowly because of discrimination.

■ 4. The defendants assert that the class should be limited to black employees of the Boston district rather than of Region I. Evidence of the regional nature of hiring and promotion until at least October 1976 convinces me that the regional class is the proper one.

■ 5. The defendants argue that black employees who applied for jobs or promotions after the defendants began their affirmative action plan in 1971 should be excluded from the class. Whether and how employment practices of the defendants have changed go to the merits, not to class certification.

III. *Clarification and modification of the conditionally certified class.*

■ Two matters remain. First, at oral argument, counsel for the named plaintiff maintained that "all black employees of the United States Customs Service, Region I" includes past and present employees. My order of May 9, 1977 set out a form of notice for publication and mailing that the plaintiff proposed. That notice informed each reader that he or she should respond only if he or she were an applicant for employment of a specific sort, or were "*now* a black employee of the United States Customs Service, Region I" (emphasis added). Employees who left the Customs Service before this suit began are not members of the class.

numerosity, I do not reach that issue. *See Walker v. Robbins Hose Fire Co. No. 1, Inc.*, 76 F.R.D. 218 (D.Del.1977).

Second, a named plaintiff may not represent employees whose allegations would have been time-barred when he filed charges. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 246 (3rd Cir. 1975), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Hubbard v. Rubbermaid, Inc.*, 78 F.R.D. 631, 644 (D.Md.1978). To have avoided having his complaint time-barred in 1972, a federal employee alleging discrimination would have had to have brought "to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 15 calendar days of the date of that matter or, if a personnel action, within 15 days of its effective date . . ." 5 C.F.R. § 713.214(a) (1972). The amended complaint states that the named plaintiff filed a formal complaint of discrimination with the Customs Service "[o]n or about February 1, 1972." Amended Complaint, Paragraph 8. Unless counsel can supply information as to when the named plaintiff first consulted an Equal Employment Opportunity Counselor, I will set January 17, 1972 as the earliest date on which discrimination in employment by the defendants may be the basis of relief.